IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KRISTOPHER WILSON on behalf of himself individually, and ALL OTHERS SIMILARLY SITUATED | § § § § § | Civil Action No. |
| Plaintiffs, | § § | |
| v. | § § | COLLECTIVE ACTION (JURY TRIAL) |
| HELIX ENEGRY SOLUTIONS GROUP INC. Defendants. | § § § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### SUMMARY

1. Helix Energy Solutions Group, Inc. does not pay their Riggers overtime as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the FLSA). Instead, Helix Energy Solutions Group, Inc. pays its Riggers straight time, not time and a half for overtime hours worked. Because these workers are employees under the FLSA, Hector Bravo, and the other Riggers are entitled to recover unpaid overtime as well as other damages.

2. Defendant Helix Energy Solutions Group, Inc. has a policy, enforced at all of its locations throughout the United States, denying Plaintiffs and putative class members compensation at time and a half, and paying only straight time for hours worked above forty (40) per week.

1

3. Defendant Helix Energy Solutions Group, Inc is a foreign for-profit corporation with locations throughout Texas and the United States. Helix Energy Solutions Group, Inc. may be served with process through its Registered Agent, CT Corporation System at 1999 Bryan St., Ste. 900 Dallas, TX 75201- 3136.

4. Whenever in this complaint it is alleged that the named Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees committed such act or omission and that at the time such act or omission was committed, it was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees.

5. To be clear, this complaint and the allegations contained herein are of the conduct of Defendant Helix Energy Solutions Group, Inc. who maintained a uniform pay policy denying overtime wages to its Riggers and paying them only straight time for hours worked above forty at all of its locations throughout the state of Texas.

6. Defendant Helix Energy Solutions Group, Inc. employed Plaintiff at its Galena Park, Texas location and managed Plaintiff throughout the course and scope of his employment.

7. Putative class members are all similarly situated Riggers employed by Helix Energy Solutions Group, Inc. and were paid straight time instead of time and a half for hours worked above forty (40) per week.

## JURISDICTION AND VENUE

8. This court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

9. Venue is proper because defendants have locations in the Southern District of Texas and many of the relevant facts occurred there.

## PARTIES

10. Hector Bravo worked for Helix Energy Solutions Group, Inc. as a Rigger. His written consent is attached.

11. Plaintiff was employed by Helix Energy Solutions Group, Inc. at its - Galena Park, Texas location. The type of work performed by plaintiff was consistent with non-exempt employment under the FLSA. Defendant is therefore obligated to pay its non-exempt employees overtime under the FLSA.

12. The "FLSA Class Members" are all Riggers who were employed by Helix Energy Solutions Group, Inc. at all locations throughout the United States, while not being paid time and a half for overtime hours worked in the last 3 years.

## FACTS

13. Hector Bravo was an employee of Helix Energy Solutions Group, Inc. at its location in Galena Park, Texas.

14. Hector Bravo was not an independent contractor.

15. No exemption to the provisions of the FLSA excused defendants from its obligation under the FLSA to pay Hector Bravo time and a half for the hours worked past forty (40) each week while employed by defendants.

16. Helix Energy Solutions Group, Inc. paid Plaintiff Hector Bravo straight time, not time and a half, for the hours he worked above forty (40) during his employment with defendants.

17. Hector Bravo was employed by Defendants as a Rigger from August 8, 2016 to July 27, 2017.

18. Plaintiff's Job duties consist of safety prepping for the hoisting and moving of loads by hooking pipes to a crane.

19. The work performed by Plaintiff was the primary type of work that Defendant provides for its respective customers.

20. The work performed by Plaintiff was an essential part of the services provided for Defendants' Customers.

21. Helix Energy Solutions Group, Inc. Riggers relied on Defendants for their work.

22. Helix Energy Solutions Group, Inc. determined where its Riggers worked and how they performed their duties.

23. Helix Energy Solutions Group, Inc. set Riggers' hours and requires them to report to work on time and leave at the end of their scheduled hours.

24. Helix Energy Solutions Group, Inc. Riggers at all locations work exclusively for Defendant since they work between 12 and 13 hours a day, as a practical matter, they cannot work anywhere else.

25. Riggers are not permitted to hire other workers to perform their jobs for them.

26. The Riggers do not employ staff, nor do they maintain independent places of business.

27. Riggers employed by defendant are paid based upon the hours they work. They cannot earn a "profit" by exercising managerial skill, and they are required to work the hours required by Helix Energy Solutions Group, Inc. each day.

28. The Riggers employed by Defendants cannot suffer a loss of capital investment. Their only earning opportunity is based on the number of hours they were told to work, which is controlled exclusively by Helix Energy Solutions Group, Inc..

29. Helix Energy Solutions Group, Inc. pays Riggers in return for their labor.

30. Helix Energy Solutions Group, Inc. deducted taxes from the paychecks of Plaintiff and similarly situated employees.

31. Helix Energy Solutions Group, Inc. keeps records of the hours it instructed its Riggers to work. Defendant also keeps records of the amount of pay plaintiffs and putative class members receive. Plaintiffs and putative class members were paid directly via bi-weekly pay check.

32. Despite knowing of the FLSA's requirements and that Plaintiff and putative class members regularly worked more than 40 hours in a workweek, Defendants paid them straight time instead of time and a half for the overtime hours that they worked.

33. Plaintiff and putative class members seek unpaid overtime wages for the three year period of time preceding the filing of this lawsuit.

## COLLECTIVE ACTION ALLEGATIONS

34. In addition to Hector Bravo, defendants employed dozens of other Riggers at the location where Plaintiff worked and at other locations. These employees worked over forty hours per week and were paid straight time instead of time and a half for overtime hours worked. These FLSA Class Members performed similar job duties and they were subjected to the same unlawful policies. The FLSA Class Members are similarly situated to Hector Bravo.

35. The FLSA Class Members should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the class is properly defined as:

> **All Riggers employed by Helix Energy Solutions Group, Inc. at all of its locations throughout the United States while receiving straight time instead of time and a half for overtime hours worked in the last three years.**

## CAUSE OF ACTION – VIOLATION OF THE FLSA

36. By failing to pay Plaintiff and the FLSA Class Members overtime at one and one-half times their regular rates, Helix Energy Solutions Group, Inc. violated the FLSA.

37. Helix Energy Solutions Group, Inc. owes Plaintiff and the FLSA Class Members overtime wages equal to one-half their regular rates for each overtime hour worked during the last three years.

38. Helix Energy Solutions Group, Inc. knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA. Its failure to pay overtime to Plaintiff and the FLSA Class Members is willful.

39. Helix Energy Solutions Group, Inc. owes Plaintiff and the FLSA Class Members for an amount equal to all unpaid overtime wages as well as liquidated damages.

40. Plaintiff and the FLSA Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

**PRAYER**

Plaintiff prays for relief as follows:

1. An order allowing this action to proceed as a collective action under the FLSA and directing notice to the FLSA Class Members;

2. Judgment awarding Plaintiff and the FLSA Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. An award of post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. All such other and further relief that Plaintiff and the FLSA Class Members are justly entitled.

Respectfully submitted:

THE FOLEY LAW FIRM

By: */s/ Taft L. Foley II*
Taft L. Foley, II
Federal I.D. No. 2365112
State Bar No. 24039890
3003 South Loop West, Suite 108
Houston, Texas 77054
Phone: (832) 778-8182
Facsimile: (832) 778-8353
Taft.Foley@thefoleylawfirm.com

**ATTORNEYS FOR PLAINTIFFS**